DAVIS, Judge.
In this juvenile delinquency appeal, T.A. challenges the trial court order entered pursuant to section 985.23(3)(c), Florida Statutes (2001), committing him to a high-risk residential program. We reverse.
T.A. entered a plea to a charge of robbery by sudden snatching. The charge arose from an incident in which either T.A. or his friend knocked money and a wallet out of the hand of a patron standing in line at a movie théater. - One of the two boys picked up the money and the wallet, and both ran away. Movie patrons and police officers chased and captured T.A. and his friend. During the chase, T.A. swam across a canal and refused to stop' when' ordered to do so by a law enforcement officer.
T.A. entered a negotiated plea to robbery by sudden snatching. The plea agreement provided that the State would not object to probation if the Department of Juvenile Justice (DJJ) recommended it. In the predisposition report and at the hearing, DJJ recommended that T.A. be placed on probation. However, the trial court committed T.A. to a secure high-risk program until age nineteen.[1]
The court gave the following oral reasons.for not following DJJ’s recommendation: (1) Because T.A. had the benefit of probation in 1999, and T.A. was then before the court with a very serious third-degree felony, it would be in T.A.’s best interest to receive the structure and benefits of a commitment program; (2) T.A. was not in school; (3) T.A. was not working on a GED; (4) there was a substantial likelihood T.A. would reoffend without the benefit of a commitment program; and (5) the way the robbery was carried out was particularly egregious. The court gave the following written reasons for departing from DJJ’s recommendation: (1) the substantial likelihood of T.A. reoffending without the benefits of a commitment program; (2) the safety of the community; (3) the fact that T.A. was not attending school and did not work; and (4) the aggressiveness of the offense.
While the court is at liberty to disregard DJJ’s recommendations, it may not do so merely because it disagrees with that recommendation. AG. v. State, 737 So.2d 1244 (Fla. 5th DCA 1999). Rather, if the court chooses to override DJJ’s recommendation, it must provide reasons that are supported by a preponderance of the evidence. Id. We conclude that, in view of the findings contained in the predisposition report and the evidence revealed at the delinquency hearing, the trial 'court’s findings are not supported by competent, substantial evidence. We, accordingly, reverse.
The predisposition report reflected the following: (1) T.A. lived in a good neighborhood; (2) the emotional climate in the home was good; (3) T.A. had a good relationship with his father; (4) T.A. openly communicated with his father; (5) his father believed he could control T.A.; (6) T.A. reportedly exhibited good behavior in the home; (7) T.A. had a curfew that he kept; (8) T.A. did his chores; (9) T.A. denied involvement with gangs; (10) T.A. had a good relationship with his friends; and (11) none of T.A.’s friends were dealing in or using illegal substances. In addi *15 tion, evidence was presented at the hearing that, although T.A. was not in school, he was working with his father in the construction business. Furthermore, although the trial court was concerned with the “aggressiveness of the offense,” our review of the evidence does not reveal whether it was T.A. or his friend who in fact knocked the movie patron to the ground.
In view of these circumstances, together with T.A.’s minimal prior record, we must conclude that the trial court’s reasons for overriding DJJ’s recommendation and committing T.A. to a more restrictive commitment are not supported by competent, substantial evidence. We reverse and remand for further proceedings.
Reversed and remanded.
WHATLEY and SILBERMAN, JJ„ Concur.

. Trial counsel for T.A. did not object to the disposition as being contrary to the' plea agreement nor has T.A. filed a motion to withdraw plea. Accordingly, we do not address whether the disposition is consistent with the negotiated plea agreement.